**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**WESTERN DIVISION**

| | |
|---|---|
| **RENATE DANIELS,** ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> **BILL MOORE d/b/a STEPPING OUT** ) <br> **FARM, ORTHO-FLEX SADDLE CO. INC.,** ) <br> **a Missouri Corporation, PARTRADE, a** ) <br> **Colorado Corporation, WEMBLEY, a** ) <br> **German Corporation, WALDHAUSEN** ) <br> **GMBH & Co., a German Corporation,** ) <br> **SOYO CORP., a Japanese Corporation, and** ) <br> **FOYO INTERNATIONAL, a Japanese** ) <br> **Corporation,** ) <br> Defendants. ) | **Case No. 06 C 50031** <br><br> **Magistrate Judge** <br> **P. Michael Mahoney** |

## MEMORANDUM OPINION AND ORDER

On March 6, 2007, third party plaintiff Bill Moore filed the Motion to Voluntarily Dismiss which is the subject of this order. For the following reasons, the court grants the motion.

This case was removed from the McHenry County Circuit Court to the Federal District Court on February 8, 2006. Soyo Corporation and Bill Moore were originally named as defendants, among many others. On May 5, 2006, Defendant Bill Moore filed a third party complaint against Soyo Corporation. A case management order established a fact discovery cut off date of July 1, 2007, along with a dispositive motion due date of August 1, 2007.

On April 12, 2006, Soyo Corp. filed a Motion to Dismiss Plaintiff's Third Amended Complaint due to the fact that the complaint against Soyo Corp. was barred by the statute of limitations. On June 26, 2006, the district court granted Soyo Corporation's Motion to Dismiss.

This effectively eliminated Soyo Corp. as a party in this case, with the exception that Soyo Corp. remained a defendant to Moore's third party complaint.

In December of 2006, Plaintiff Daniels served interrogatories and requests to produce upon Soyo Corp. The court allowed Soyo Corp. until March 12, 2007, to respond to the outstanding discovery. However, on March 6, 2007, third party plaintiff Bill Moore filed a Motion to Voluntarily Dismiss Soyo Corp. Plaintiff Daniels has objected to this dismissal, claiming that they are entitled to have their outstanding discovery responded to before the court can take up the voluntary dismissal of the third party complaint under Fed.R.Civ.P. 41.

Rule 41(c) states that all of Rule 41's provisions are applicable to the dismissal of any counterclaims, cross-claims or third party claims. Rule 41(a)(1) states that "an action may be dismissed by the plaintiff without order of the court (i) by filing a notice of dismissal at any time before service by the adverse party of an answer or of a motion for summary judgment, whichever first occurs. . . ." Fed.R.Civ.P.41(a)(1).

A review of the record reveals that Soyo Corp. has not filed an answer or a motion for summary judgment concerning the third party complaint. As such, the third party complainant, Bill Moore, has the right to dismiss the remaining cause of action against Soyo Corporation.

Because there has not been an answer or motion for summary judgment concerning the third party complaint, the Motion to Voluntarily Dismiss is granted.

ENTER:

_____
P. MICHAEL MAHONEY, MAGISTRATE JUDGE
UNITED STATES DISTRICT COURT

DATED: March 22, 2007